IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**HARRY HAWKINS, JR.,**

               **Petitioner,**

     v.                              **CASE NO. 06-3077-RDR**

**UNITED STATES PAROLE COMMISSION, et al.,**

               **Respondents.**

**O R D E R**

     This matter is before the court on a pro se petition for writ of habeas corpus filed under 28 U.S.C. § 2241 by a federal prisoner confined in a Leavenworth, Kansas, detention center operated by the Corrections Corporation of America. Having reviewed petitioner's limited financial resources, the court grants petitioner leave to proceed in forma pauperis under 28 U.S.C. § 1915.

     Petitioner was convicted and sentenced in 1986. In the instant petition he cites his most recent release on parole on February 7, 2005, and his arrest on a parole violation warrant on February 28, 2006. Petitioner filed this action to challenge the validity of his present confinement, and contends his underlying 1986 sentence and three year special parole term have been fully served. He states his pending revocation hearing on charges that he has violated the conditions of his mandatory release is thus bogus. Petitioner seeks his release and the termination of all further supervision.

     Because petitioner asserts constitutional error in a parole revocation proceeding that is not yet final, the court finds this action should be dismissed without prejudice as premature. No final

order of revocation has been entered, nor has petitioner exhausted administrative remedies concerning any error alleged or arising in the pending revocation proceeding.[1]

IT IS THEREFORE ORDERED that petitioner is granted leave to proceed in forma pauperis.

IT IS FURTHER ORDERED that the petition for writ of habeas corpus is dismissed without prejudice.

IT IS FURTHER ORDERED that petitioner's motion for appointment of counsel (Doc. 3) is denied as moot.

DATED: This 28th day of March 2006, at Topeka, Kansas.

 s/ Richard D. Rogers
RICHARD D. ROGERS
United States District Judge

---

[1] Petitioner argues in part that his sentence and special parole term have been fully served because the United States Parole Commission unlawfully forfeited three years of street time in its 1995 revocation of petitioner's parole. However, the court considered and rejected this claim in an earlier habeas action filed by petitioner, from which petitioner filed no appeal. *See* Hawkins v. United States Parole Commission, Case No. 96-3076-RDR.