IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


**HARRY HAWKINS, JR.,**

                         **Petitioner,**

        **v.**                                                 **CASE NO. 06-3077-RDR**

**UNITED STATES PAROLE COMMISSION, et al.,**

                         **Respondents.**


**O R D E R**

Petitioner proceeds pro se and in forma pauperis on a petition for writ of habeas corpus filed under 28 U.S.C. § 2241. By an order dated March 28, 2006, the court dismissed the petition without prejudice. Before the court is petitioner's motion for reconsideration (Doc. 7) as supplemented (Doc. 10), and motion for appointment of counsel (Doc. 8).

Petitioner's motion, filed more than ten days after entry of judgment in this matter, is treated as a motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure.[1]

---

[1] Although petitioner's pleading is dated April 6, 2006, and he certifies that he mailed his pleading "in a duly franked envelope by U.S. Certified Mail," petitioner has not satisfied the requirements for application of the mailbox rule enunciated in Houston v. Lack, 487 U.S. 266 (1988), which would have provided a basis for considering petitioner's pleading as a timely filed motion to alter and amend judgment, pursuant to Fed.R.Civ.P. 59(e). See Price v. Philpot, 420 F.3d 1158 (10th Cir. 2005)("[A]n inmate must establish timely filing under the mailbox rule by either (1) alleging and proving that he or she made timely use of the prison's legal mail system if a satisfactory system is available, or (2) if a legal system is not available, then by timely use of the prison's regular mail system in combination with a notarized statement or a declaration under penalty of perjury of the date on which the documents were given to prison authorities and attesting that postage was prepaid.").

Weitz v. Lovelace Health System Inc., 214 F.3d 1175, 1178 (10th Cir. 2000).  A Rule 60(b) motion is not a vehicle to reargue the merits of the underlying judgment, to advance new arguments which could have been presented in the parties' original motion papers, or as a substitute for appeal.  Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000); Cashner v. Freedom Stores, Inc., 98 F.3d 572, 576-77 (10th Cir. 1996).  Relief under Rule 60(b) is "extraordinary and may be granted only in exceptional circumstances."  Amoco Oil Co. v. United States Environmental Protection Agency, 231 F.3d 694, 697 (10th Cir. 2000).[2]

Petitioner challenges the execution of his 1986 federal sentence, and contends that sentence has been fully served.  To the extent petitioner challenges his present confinement pursuant to his February 2006 arrest on a parole violation warrant, the court found dismissal of the petition without prejudice was appropriate because petitioner had not yet pursued administrative remedies concerning this revocation of petitioner's parole.

To the extent petitioner contends his sentence and special parole term have been fully served because the United States Parole Commission unlawfully forfeited three years of street time in its

---

[2] Rule 60(b) provides in relevant part:
On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

1995 revocation of petitioner's parole, the court considered and rejected this claim in an earlier habeas action filed by petitioner, from which petitioner filed no appeal. *See* <u>Hawkins v. United States Parole Commission</u>, Case No. 96-3076-RDR.  Petitioner's attempt to relitigate this same claim is rejected.

Finding petitioner has failed to demonstrate the existence of any extraordinary circumstances that would justify a decision to reconsider and vacate the order dismissing this action, the court denies petitioner's motion for relief from the judgment entered in this matter on March 28, 2006.  Petitioner's related motion for appointment of counsel is denied.

The record reveals a pleading by petitioner seeking appointment of counsel and the submission of a writ of habeas corpus under 28 U.S.C. § 2241, which was docketed in the instant action as Document 11.  Correspondence from petitioner dated May 12 and 23, 2006, clearly indicates petitioner's intent to initiate a new habeas corpus action by this pleading.  Accordingly, the clerk's office is directed to strike Document 11 from this action, and to treat the pleading as a new habeas corpus action.

Petitioner's motion for an order preventing petitioner's transfer from the District of Kansas prior to resolution of the instant habeas action (Doc. 13) is denied.

IT IS THEREFORE ORDERED that petitioner's motion for reconsideration (Doc.7) and motion for appointment of counsel (Doc. 8) are denied.

IT IS FURTHER ORDERED that Document 11 is to be struck and removed from the record and said original pleading is to be treated by the clerk's office as a petition for writ of habeas corpus filed

3

on May 22, 2006.

IT IS FURTHER ORDERED that petitioner's motion for an order preventing his transfer (Doc. 13) is denied.

DATED:  This 14th day of June 2006, at Topeka, Kansas.


                              s/ Richard D. Rogers
                              RICHARD D. ROGERS
                              United States District Judge